Pearson, J,
 

 Upon the first point, there can be no question; the Statute of 13 Eliz. avoids voluntary conveyances of personal property, as well as land, as against
 
 creditors
 
 / but the 27th Eliz. avoids conveyances of
 
 land
 
 only, as against subsequent
 
 purchasers.
 
 So, although the defendant is a purchaser for a full and valuable consideration, yet the deed previously, executed by his vendor to. the-plaintiff, although voluntary, and in trust for his wife' and children, vested the title in the plaintiff, and was valid, not only as against the husband, but as .against the defendant, who is a subsequent purchaser.
 
 Hiatt
 
 v.
 
 Wade,
 
 8 Ire. Rep. 342, cited at -the bar, does not apply ; for although
 
 grass
 
 was the subject of the conveyance, yet the grass was
 
 growing in the
 
 meadow, and was for that reason treated as part of the land, so as to bring the conveyance within the operation of 27 Eliz.
 

 
 *87
 
 The second point is this: a lmsband conveys to a trustee certain slaves and other personal property, in trust for his wife and the children of the marriage “for their exclusive benefit and maintenance, separate and apart from any claims of her said husband does this secure to the wife a separate estate, or can the husband dispose of it ?
 

 The question, it seems to us, is too plain for argument.
 

 Per Curiam.
 

 Judgment affirmed.